(June 9, 1997)

■ In the Matter of DONALD R. HOBBS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [658 NYS2d 711] —Per Curiam. Respondent was admitted to practice by this Court in 1984. He was previously admitted to practice. in New Jersey in 1977.

On September 13, 1994, the Supreme Court of New Jersey entered an order temporarily suspending respondent from practice because he failed to appear at the Office of Attorney Ethics for a demand audit which sought to determine whether he had maintained the integrity of $63,700 in mortgage refinance funds he received on behalf of a client. The suspension order was followed by a complaint of complex misconduct by the Office accusing respondent of misappropriating most of the funds to his own benefit. Respondent admitted the misconduct in his answer and requested that he not be disciplined but rather placed on the list of lawyers ineligible to practice because of a psychiatric disability. By consent order dated January 30, 1997, the Supreme Court of New Jersey transferred respondent to disability inactive status, effective immediately and pending final determination of all grievances. His reinstatement to practice was conditioned upon his showing psychiatric fitness to practice and a plan for supervision of his practice, among other things.

Petitioner, Committee on Professional Standards, moves for an order pursuant to section 806.10 (a) (22 NYCRR 806.10 [a]) of this Court's rules suspending respondent indefinitely from the practice of law until further order of this Court by reason of his mental illness or irresponsibility. In view of a letter from respondent stating he has no objection to the entry of such order and the psychiatric evaluation submitted to the New Jersey Office of Attorney Ethics, attached as an exhibit to petitioner's motion, we grant the motion and direct respondent's suspension from practice until further order of this Court.

Cardona, P. J., Mercure, White, Casey and Carpinello, JJ., concur. Ordered that petitioner's motion be and hereby is granted; and it is further ordered that respondent be and hereby is suspended from the practice of law until further order of this Court; and it is further ordered that, for the period of suspension, respondent be and hereby is commanded to

desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of suspended attorneys.